EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Marie Valera (Hernández) como albacea testamentaria y en representación de la Sucesión Francisco Hernández Hernández<br><br>Peticionaria<br><br>v.<br><br>Registradora de la Propiedad de la Sección IV del Registro de la Propiedad de San Juan, Hon. Namyr I. Hernández Sánchez<br><br>Recurrida | 2025 TSPR 20<br><br>215 DPR ___ |

Número del Caso: RG-2024-0002


Fecha: 10 de marzo de 2025


Representante legal de la parte peticionaria:

    Lcdo. Juan Antonio Corretjer Russi


Registradora de la Propiedad:

    Hon. Namyr I. Hernández Sánchez


Materia: Derecho Registral – Aplicabilidad de las enmiendas introducidas por la Ley Núm. 60-2022 a documentos emitidos previo a su vigencia, pero que están disponibles a través de SUMAC.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Marie Valera (Hernández) como albacea testamentaria y en representación de la Sucesión Francisco Hernández Hernández<br><br>    Peticionaria<br><br>        v.<br><br>Registradora de la Propiedad de la Sección IV del Registro de la Propiedad de San Juan, Hon. Namyr I. Hernández Sánchez<br><br>    Recurrida | | RG-2024-0002 |

La Jueza Presidenta ORONOZ RODRÍGUEZ emitió la Opinión del Tribunal.

En San Juan, Puerto Rico a 10 de marzo de 2025.

En esta ocasión nos corresponde determinar el alcance de la Ley Núm. 60-2022 (Ley Núm. 60-2022) que enmendó el Artículo 10 de la Ley Núm. 210-2015, según enmendada, también conocida como la *Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico*, 30 LPRA sec. 6017 (Ley del Registro de la Propiedad), para eximir del requisito de certificación a los documentos judiciales disponibles a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC) que se presenten ante el Registro de la Propiedad (Registro). Específicamente, debemos resolver si los documentos que se hayan emitido previo a la vigencia de la ley, pero que están disponibles a través de SUMAC, son susceptibles de beneficiarse de esta disposición.

Adelantamos que, tras un análisis cuidadoso de la enmienda, así como de las normas legales aplicables, resolvemos que cualquier documento que esté disponible en SUMAC, independientemente de cuándo se haya emitido, tiene acceso al Registro mediante la presentación de una copia simple. A continuación, exponemos el cuadro fáctico pertinente.

**I**

El 5 de abril de 2023 la Sra. Marie Valera (señora Valera), como albacea de la Sucesión Francisco Hernández Hernández (Sucesión Hernández Hernández), presentó una Instancia Registral. A esta adjuntó los documentos requeridos para la inscripción de derechos hereditarios de las personas con interés o participación en el caudal hereditario de la Sucesión Hernández Hernández.[1] Entre estos documentos se encontraba una *Resolución* sobre declaratoria de herederos (Resolución) del Tribunal de Primera Instancia, Sala Superior de Carolina, emitida el 24 de mayo de 2022.[2]

Ese mismo día, la Registradora Hon. Namyr I. Hernández Sánchez (Registradora) notificó a la señora Valera el *Recibo de Presentación* correspondiente al Asiento 2023-040977-SJ04.[3] Luego, el 5 de mayo de 2023 la Registradora envió una *Carta de Notificación* sobre falta de documento a la señora Valera mediante la cual sostuvo que debía presentar una copia de la Resolución certificada por la Secretaría del Tribunal. Asimismo, indicó que la Ley Núm. 60-2022 no tenía aplicación

---

[1] Apéndice 2, págs. 3-11.
[2] Íd.
[3] Apéndice 3, pág. 12.

retroactiva.[4] En respuesta, el 8 de mayo de 2023 la señora Valera presentó un *Escrito de Recalificación*.

El 15 de agosto de 2024 la señora Valera presentó un recurso de *mandamus* ante el Tribunal de Primera Instancia para compeler la acción calificadora de la Registradora.[5] El 30 de agosto de 2024 la Registradora denegó el *Escrito de Recalificación*.[6]

Insatisfecha, el 13 de septiembre de 2024 la señora Valera recurrió ante este Tribunal mediante un recurso gubernativo *y* señaló el siguiente error:

> Erró la Registradora de la Propiedad de San Juan, Sección IV, Namyr I. Hernández Sánchez, al denegar un asiento de inscripción sobre derechos hereditarios por concluir que un documento intitulado "Resolución sobre declaratoria de herederos" emitido por el sistema SUMAC requiere certificación por la Secretaría del Tribunal (copia certificada) contrario a lo dispuesto expresamente en la Ley [Núm.] 60 del 18 de julio de 2022.

Con el beneficio de las comparecencias de ambas partes, resolvemos.

## II

### A. El recurso gubernativo

De ordinario, este Tribunal posee jurisdicción para atender mediante un recurso gubernativo la calificación final de un registrador o una registradora de la Propiedad en la cual se deniegue el asiento solicitado. Artículo 3.002(h) de la Ley Núm. 201-2003, según enmendada, también conocida como Ley *de la Judicatura de Puerto Rico de 2003*.[7] Es decir, el recurso gubernativo tiene el fin de revisar una calificación

---

[4] Apéndice 4, pág. 13.
[5] Marie Valera (Hernández) v. Dpto. de Justicia, SJ2024CV07500.
[6] Apéndice 5, págs. 14-17.
[7] 4 LPRA sec. 24s (Ley de la judicatura); Regla 27 del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B (Reglamento del Tribunal Supremo).

que suspenda o deniegue la inscripción o la anotación de un documento que se presente ante el Registro. Por esa razón, nuestra jurisdicción se activa a partir de la denegatoria o de la suspensión. FirstBank v. Registradora, 208 DPR 64, 76 (2021).

Conforme dispone el Artículo 244 de la Ley Núm. 210-2015, el notario, la notaria, el funcionariado autorizado o la persona interesada "podrá recurrir ante el Tribunal Supremo de Puerto Rico contra la calificación final del documento, mediante la presentación de un recurso gubernativo. No obstante, no podrá interponer el recurso quien no haya radicado oportunamente el escrito de recalificación".

Consecuentemente, el Artículo 245 del referido estatuto establece que el notario, la notaria, el funcionariado autorizado o la persona interesada "podrá radicar recurso gubernativo ante el Tribunal Supremo de Puerto Rico dentro del término improrrogable de veinte (20) días a partir de la notificación de la denegatoria". [8]

**B. El rol de los registradores y las registradoras**

En nuestro ordenamiento, los registradores y las registradoras tienen el deber de calificar los documentos que se presentan ante el Registro de la Propiedad. Este ejercicio consiste en examinar o comprobar la legalidad de aquello cuya inscripción en el Registro de la Propiedad se aspire. Matos, Sostre v. Registradora, 213 DPR 348 (2023); L.R. Rivera Rivera, Derecho Registral Inmobiliario Puertorriqueño, 3ra

---

[8] 30 LPRA sec. 6405.

ed., San Juan, Jurídica Eds., 2012, pág. 275. Sin tal función "no podría cumplirse el principio de legalidad que gobierna el sistema inmobiliario registral", el cual materializa "el propósito de que el Registro encierre solo actos válidos y derechos perfectos". <u>Popular Mortgage v. Registrador</u>, 181 DPR 625, 631 (2011).

### C. La Ley 60-2022[9]

La Exposición de Motivos de la Ley Núm. 60-2022, expresa que esta responde a la ineficiencia y al alto costo del proceso de presentación de copias certificadas por la Secretaría del Tribunal al Registro de la Propiedad. A modo de agilizar el proceso de presentación ante el Registro, el Artículo 10 de este estatuto enmendó la Ley del Registro de la Propiedad para que los documentos emitidos por SUMAC se consideren copias válidas para efectos de su presentación ante el Registrador de la Propiedad:

> Artículo 10.-Contenido de los documentos sujetos a inscripción.
> .   .   .   .   .   .   .   .
> Cuando el acto o contrato que se pretende inscribir requiere la existencia de una sentencia o documento emitido por un tribunal de Puerto Rico, y **dicha sentencia o documento sea emitido a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC), el Registrador de la Propiedad aceptará el documento según emitido electrónicamente por SUMAC, como copia válida del documento existente en los archivos del tribunal, sin que sea necesario la presentación de copia certificada**. En estos casos, el Registrador podrá corroborar la validez y exactitud del documento accediendo a SUMAC. (Negrilla suplida).

Así, explica esto se puede evitar mediante la aceptación de documentos emitidos por SUMAC en copia simple, pues son documentos que los registradores y las registradoras pueden corroborar en el mismo sistema de ser necesario.[10]

---

[9] Esta ley entró en vigor sesenta (60) días luego de su aprobación.
[10] Exposición de Motivos, Ley 60-2022.

### D. Reglas de hermenéutica legal

Es un principio cardinal de hermenéutica que cuando la ley es clara y libre de toda ambigüedad su letra no se debe menospreciar bajo el pretexto de cumplir con su espíritu. <u>Martajeva v. Ferre Morris y otros</u>, 210 DPR 612, 625 (2022). Cuando una disposición legal o estatuto es ambiguo o posee una laguna, los tribunales debemos interpretarlos más allá de su texto. <u>Romero, Valentín v. Cruz, CEE *et al.*</u>, 205 DPR 972, 992– 93 (2020); <u>Alonso García v. S.L.G.</u>, 155 DPR 91, 99 (2001). En esa tarea podrían cobrar preeminencia principios de interpretación como aquel relativo a las leyes *in pari materia*, según el cual las leyes que tratan sobre un mismo asunto o tienen un mismo objeto se deben interpretar en conjunto, haciendo referencia a unas y otras, pues lo que resulte confuso en una se podría suplir con las disposiciones de la otra. Véase Art. 18 del Código Civil de Puerto Rico.[11] De igual manera, las diversas secciones de un estatuto se deben interpretar conjuntamente y no de manera aislada o fraccionada. <u>Romero Lugo v. Cruz Soto</u>, *supra*; <u>Asoc. Fcias. v. Caribe Specialty et al. II</u>, 179 DPR 923, 939–940 (2010). En otras palabras, las leyes se deben considerar como un todo para determinar el significado de cada parte. <u>Ásoc. Fcias. v. Caribe Specialty et al. II</u>, *supra* pág. 939. Además, es importante tener en cuenta el propósito que persiguió el legislador con el estatuto. <u>Pueblo v. De Jesús</u>, 70 DPR 37, 42 (1949). Esto es así, pues al realizar un ejercicio de

---

[11] 31 LPRA sec. 18.

interpretación legal, los tribunales estamos obligados "a armonizar, en la medida posible, todas las disposiciones de ley involucradas en aras de obtener un resultado más sensato, lógico y razonable". Sucn. Álvarez v. Srio. de Justicia, 150 DPR 252, 274 (2000). Cuando la ley es ambigua, debemos rechazar una interpretación literal que conduzca a un resultado que no puede ser el que el legislador intentó producir. Pueblo v. Zayas Rodríguez, 147 DPR 530, 538 (1999). Las leyes se deben interpretar "en comunión con el propósito social que las inspira, sin desvincularlas de la realidad y del problema humano que persiguen resolver". Íd., pág. 537, citando a Col. Ing. Agrim. P.R. v. A.A.A., 131 DPR 735, 756 (1992).

## III

En su Recurso gubernativo, la señora Valera arguye que la Ley Núm. 60-2022 aplica a la copia simple de la Resolución sobre declaratoria de herederos que presentó con su Instancia Registral. La referida Resolución se emitió el 24 de mayo de 2022. No obstante, la Ley Núm. 60-2022 entró en vigor el 16 de septiembre de 2022. Ante esto, debemos pasar juicio sobre si la Ley Núm. 60-2022 aplica a documentos disponibles en SUMAC que se emitieron previo a la vigencia de la Ley Núm. 60-2022. Veamos.

El Artículo 10 de la Ley Núm. 60-2022 provee para la presentación de copias simples de documentos disponibles en SUMAC ante el Registro:

> Artículo 10.-Contenido de los documentos sujetos a inscripción.
> .    .    .    .    .    .    .    .
> Cuando el acto o contrato que se pretende inscribir requiere la existencia de una sentencia o documento emitido por un tribunal de Puerto Rico, y **dicha sentencia o documento**

**sea emitido a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC), el Registrador de la Propiedad aceptará el documento según emitido electrónicamente por SUMAC, como copia válida del documento existente en los archivos del tribunal, sin que sea necesario la presentación de copia certificada.** En estos casos, el Registrador podrá corroborar la validez y exactitud del documento accediendo a SUMAC. (Negrilla suplida).

El referido Artículo nada dispone en cuanto a la fecha de emisión de los documentos disponibles en SUMAC que se considerarán copias válidas para efectos de su presentación ante el Registro. En vista de esto, corresponde que realicemos un análisis hermenéutico de la Ley Núm. 60-2022. Como mencionamos anteriormente, las reglas de hermenéutica jurídica dictan que es importante **tener en cuenta el propósito que persiguió el legislador con el estatuto.** Esto así, pues al realizar un ejercicio de interpretación legal, los tribunales estamos obligados "a armonizar, en la medida posible, todas las disposiciones de ley involucradas en aras de obtener un resultado más sensato, lógico y razonable". <u>Romero, Valentín v. Cruz, CEE</u> *et al.*, *supra*.

De la Exposición de Motivos de la Ley Núm. 60-2022 se desprende que esta tiene el **propósito de fomentar el uso de la tecnología a los fines de eximir a los documentos judiciales disponibles en SUMAC** del requisito de certificación. Asimismo, establece:

[E]l SUMAC logra su objetivo a través del archivo de imágenes en *Portable Document Format* (PDF), a las cuales les añade un cintillo que incluye el número del documento en el expediente, el número de caso y la fecha de presentación o emisión. **Debido a la naturaleza del formato PDF, una vez archivados estos documentos, es sumamente difícil hacerle cambios, por lo que se garantiza que una impresión del archivo sea una copia fiel y exacta del documento que obra en el archivo del tribunal.** (Negrilla suplida).

Así, cualquier documento emitido por un tribunal a través de SUMAC, independientemente de su fecha de emisión, acarrea la

validez equivalente a la de un documento certificado por la Secretaría del Tribunal. Esta interpretación permite armonizar el propósito fundamental de SUMAC de emitir documentos en un formato PDF que contenga las protecciones necesarias con el propósito de fomentar el uso de la tecnología de la Ley Núm. 60-2022. Determinar lo contrario desvirtuaría la intención legislativa de agilizar los procesos ante el Registro.

**IV**

Por los fundamentos expuestos, se revoca la denegatoria que emitió la Registradora el 30 de agosto de 2024 sobre el Asiento 2023-040977-SJ04 y se devuelve el asunto al Registro de la Propiedad para que continúen los procesos conforme a lo aquí dispuesto.

Se dictará sentencia de conformidad.

Maite D. Oronoz Rodríguez
Jueza Presidenta

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Marie Valera (Hernández) como albacea testamentaria y en representación de la Sucesión Francisco Hernández Hernández<br><br>Peticionaria<br><br>v.<br><br>Registradora de la Propiedad de la Sección IV del Registro de la Propiedad de San Juan, Hon. Namyr I. Hernández Sánchez<br><br>Recurrida | RG-2024-0002 | *Recurso Gubernativo* |

SENTENCIA

En San Juan, Puerto Rico, a 10 de marzo de 2025.

Por los fundamentos expuestos en la Opinión que antecede, se revoca la denegatoria que emitió la Registradora el 30 de agosto de 2024 sobre el Asiento 2023-040977-SJ04 y se devuelve el asunto al Registro de la Propiedad para la continuación de los procesos.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Kolthoff Caraballo no intervino.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo